**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSE SPARKS, JR.,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:05-1170 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| **EDWARD F. REILLY, MARGARET QUICK, MICHAEL GREEN, CRYSTAL COLEMAN, In Their Official and Individual Capacity as Commissioners, Directors or Agents of the United States Parole Commission and the Former District of Columbia Board of Parole; ODIE WASHINGTON, In His Official and Individual Capacity as the Director of the District of Columbia Department of Corrections; and TROY WILLIAMS, In His Official and Individual Capacity as Warden at the United States Penitentiary at Allenwood,** | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

On June 13, 2005, the petitioner, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges a decision by the United States Parole Commission, ("Commission"), dated October 13, 2000. (Doc. No. 1). The filing fee having been paid, the petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to

1

§ 2241 cases by Rule 1 thereof.

The petitioner provides the following factual history:

> The Petitioner's incarceration began with a sentence of imprisonment imposed by the Superior Court for the District of Columbia, Criminal Branch. The petitioner was released on parole January 27, 1993.
>
> On December 22, 1996 the Petitioner was arrested for the violation of D.C. CODE §§ 22-502 & 22-3204, the aforementioned violations of the District of Columbia Code were subsequently dismissed by the Superior Court for the District of Columbia, Criminal Branch, however; as a result of the arrest a parole violation warrant was issued and executed, a Notice to Appear for a Revocation Hearing was issued by the District of Columbia Board of Parole.
>
> On July 16, 1998 the Petitioner appeared before the District of Columbia Board of Parole. During that July 16th hearing the Examiner continued the case until July 30, 1998. A determination was made concerning the arrest of **no findings** [i.e. as to whether or not the Petitioner committed the violations related to his arrest.] and the Examiner recommended a six (6) to nine (9) month set off based upon an administrative violation of his parole for failure to report as directed.
>
> On July 31, 1998 respondent **QUICK** and **GREEN concurred** with the Examiner's recommendation and gave the Petitioner a nine (9) month set off. Respondent **QUICK and GREEN** also recommended that the Petitioner be considered for reparole no later than March 1, 1999.
>
> On September 7, 1999 a reconsideration hearing assessment was prepared and it was determined that a defferal (sic) of **90** days was needed to receive more information from the Assistant United States Attorney regarding the dismissal of the indictment by the Court.

2

> On May 1, 2000 a rehearing was finally held.
>
> Based upon a letter from the Assistant United States Attorney responding to their assessment of actions of criminal activity of the allegations stated within the indictment that was **dismissed** by a competent Court of law and jurisdiction, giving the Government's side.
>
> On October 13, 2000 the Petitioner was given a Notice of Action
>
> **"CONTINUE TO A PRESUMPTIVE PAROLE AFTER THE SERVICE OF 92 MONTHS (OCTOBER 23, 2005) OR CONTINUE TILL EXPIRATION WHICHEVER COMES FIRST."**
>
> The petitioner came from the sentence of nine (9) months for the administrative violation of Failure to Report As Directed with a consideration of parole on March 1, 1999 to a **92 month set off or continue to expiration whichever comes first** due to a letter from an Assistant United States Attorney stating the dis-satisfaction of a Court ordering the dismissal of an indictment.
>
> In accordance with the law and the rules and regulations as set forth to the U.S. Parole Commission and the procedural due process requirements the Petitioner had a right to confront and cross examine of which he was never afforded such right.
>
> The record is silent of such right being afforded to the Petitioner. The record is also silent as to waiver of said right to confront and cross examine.

(Doc. No. 1, pp. 2-3). (Emphasis in original).

In the instant action, the petitioner argues: (1) the rehearing of January 13, 2000, was held before the Commission acquired jurisdiction over him

pursuant to the National Capital Revitalization and Self Improvement Act of 1997; and (2) he was denied due process with respect to his parole revocation because he was denied the right to confront and cross-examine witnesses adverse to him, (i.e., the Assistant United States Attorney who wrote the letter upon which the Parole Commission based its decision). (Doc. No. 1, pp. 4-6).

Previously, on February 19, 2002, the petitioner filed a § 2241 petition in this court challenging the same decision by the Commission. (See Civil Action No. 1:02-0264). In filing that petition, the petitioner indicated that he had not filed any previous petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any other applications, petitions or motions relating to the Commission's decision. In conducting research to prepare a report in that matter, the undersigned discovered that the petitioner had, in fact, filed a § 2241 petition in the United States District Court for the District of Columbia, ("District of Columbia"), which challenged this same decision by the Commission. See Sparks v. Gaines, 144 F. Supp.2d 9 (D.D.C. 2001). The decision of the District of Columbia indicated that the petitioner had advanced (and forfeited) several arguments, which were "distilled" into one issue: whether the Commission must provide the procedural protections of a parole revocation hearing in deciding whether to re-parole a D.C. code prisoner revoked by the D.C. Board of Parole on administrative grounds if the Commission considers a criminal charge upon which the Board made no findings. Upon consideration of "the petition, the opposition and reply thereto,

a hearing on February 13, 2001, additional briefing, and the entire record," on May 17, 2001, the District of Columbia answered the issue in the negative and denied the petition.  In light of this, the undersigned directed the petitioner to show cause why his petition should not be dismissed as a second or successive petition pursuant to Rule 9 of the Rules Governing Section 2254 Cases, as made applicable to § 2241 cases by Rule 1 thereof, or in the alternative, pursuant to 28 U.S.C. § 2244.  When the petitioner failed to respond to the court's order, it was recommended that the action be dismissed for the foregoing reasons.  That recommendation was adopted by the court on December 4, 2002, and the petition was dismissed with prejudice.

Over two years later, the petitioner has now filed the instant action, his third habeas petition, in which he again challenges the October 13, 2000, decision of the Commission.  In defining what constitutes a "second or successive" petition, the United States Court of Appeals for the Third Circuit, ("Third Circuit"), has looked to the abuse of the writ doctrine.  Benchoff v. Colleran, 404 F.3d 812, 816-17 (3d Cir. 2005).  In doing so in the context of challenges to the administration of a sentence, the court has found that a second or successive petition is one which raises claims that could have been raised in an earlier habeas corpus petition. Id. at 817(citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991); Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)). Because the petitioner could have raised the instant claims in his initial habeas petition filed in the District of Columbia, the instant action

5

constitutes a second or successive petition.  As such, this court lacks authority to consider the instant petition unless the petitioner meets both the procedural or substantive components of § 2244.  Id. at 816.  The procedural component, § 2244(b)(3)(A), would require the petitioner to seek permission from the Third Circuit prior to filing a second or successive habeas application in this court.  There is no indication in this case that the petitioner has done so.  The substantive component requires the dismissal of a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Here, the petitioner neither relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, nor establishes that the factual basis of his claim was not previously available.  Therefore, because the petitioner meets neither the procedural nor the substantive components of § 2244, this court lacks authority to consider the merits of his claims.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the instant petition, (Doc. No. 1), be **DISMISSED** as a second or successive petition pursuant to 28 U.S.C. § 2244.

**s/ Malachy E. Mannion**
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: JUNE 28, 2005**

O:\shared\REPORTS\2005 Reports\05-1170.wpd