```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JESSE SPARKS, JR.,               :
         Petitioner
                                 :

       vs.                       :   CIVIL NO. 1:CV-05—1170

EDWARD F. REILLY, MARGARET       :    (Judge Caldwell)
QUICK, MICHAEL GREEN,
CRYSTAL COLEMAN, In Their        :   (Magistrate Judge Mannion)
Official and Individual Capacity
as Commissioners, Directors or   :
Agents of the United States
Parole Commission and the Former:
District of Columbiz Board of
Parole; ODIE WASHINGTON, In His  :
Official and Individual
Capacity as the Director of the  :
District of Columbia Department
of Corrections; and TROY         :
WILLIAMS, In His Official and
Individual Capacity as Warden at:
the United States Penitentiary
at Allenwood,                    :
         Respondents
```

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

 The Petitioner, Jesse Sparks, Jr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Magistrate Judge's Report, filed June 28, 2005, recommends that the petition be dismissed as a second or successive habeas petition.  Petitioner has filed one objection to the report arguing that in deciding his previous petition, the District Court

for the District of Columbia interpreted his claims to be against the United States Sentencing Commission.  Therefore, his current petition cannot be considered to be a second or successive petition because the Sentencing Commission did not have jurisdiction over him.

We have read the district court's decision in *Sparks v. Gaines*, 144 F.Supp.2d 9 (D.D.C. 2001).  The Court clearly interpreted Sparks' petition as challenging the actions of the United States Parole Commission, not the Sentencing Commission.  The editorial note at the beginning of the case, which contains a reference to the Sentencing Commission, is supplied by the publisher and is not part of the court's opinion.  We agree with the Magistrate Judge that since Sparks' current claim could have been raised in his original petition, we cannot consider the merits of his current petition.  However, in *Zayas v. I.N.S.*, 311 F.3d 247, 255 (3d Cir. 2002), the Third Circuit held that 28 U.S.C. § 2244(b) did not apply to petitions filed under § 2241.  As such, we cannot accept the portion of the Magistrate Judge's report that relies upon § 2244(b).  Our decision to dismiss Spark's petition is based on the "abuse of the writ" doctrine as Petitioner has offered no reason for his failure to include his current claim in his previous petition.  *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005)("Under this doctrine, a petition would be considered an abuse of the writ, *inter alia*, where the

subsequent petition raised a habeas claim which could have been raised in an earlier petition and there was no legitimate excuse for failure to do so.").

AND NOW, this 16th day of August, 2005, upon consideration of the Report of the United States Magistrate Judge (doc. 3), dated June 28, 2005, the objection thereto, and an independent review of the Record, it is Ordered that the Magistrate Judge's recommendation to dismiss the Petitioner's 28 U.S.C. § 2241 petition is adopted for the reasons set forth above. The petition (doc. 1) is dismissed.  The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge